# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED 2019 JUN 13 P 2:41
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

---

UNITED STATES OF AMERICA,

V.

**CR 19 0267**   CRB

~~UNDER SEAL~~

AARON MCARTHUR,
a/k/a "Gangsta Boogie,"
a/k/a "G Boogie,"
a/k/a "Boogie,"
a/k/a "Suave,"

DEFENDANT(S).

---

## INDICTMENT

VIOLATIONS:
18 U.S.C. §§ 1951(a), 2 – Conspiracy to Commit Robbery Affecting Interstate Commerce, Interference with Commerce by Robbery and Attempted Robbery, and Aiding and Abetting; 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute Marijuana

FORFEITURE ALLEGATION:
18 U.S.C. §§ 924(d), 981, 21 U.S.C. § 853 – Criminal Forfeiture

---

A true bill.

_____
Foreman

Filed in open court this _13_ day of _June 2019_

_____
ELAINE KABILING Clerk

Bail, $ NO process

LAUREL BEELER

1-MJJ-

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1951(a)
21 U.S.C. § 846
18 U.S.C. § 1951(a) & 2

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See attached.

UNDER SEAL

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ Aaron McArthur

CRB

DISTRICT COURT NUMBER

CR 19 0267

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

FILED
JUN 13 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction     ☐ Federal  ☒ State
6) ☒ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
Richmond City Jail, Richmond, VA

Has detainer been filed?  ☐ Yes  ☒ No   If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
_____

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form _____
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Chris Highsmith

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:
_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments:

# PENALTY SHEET
# (Aaron McArthur)

## COUNT ONE
**Violation – 18 U.S.C. § 1951(a) – Conspiracy to Commit Robbery Affecting Interstate Commerce**

Maximum Penalties:  20-year term of imprisonment;
Fine that is the greater of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another;
3 years of supervised release; and
$100 Special Assessment

## COUNT TWO
**Violation – 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute Marijuana**

Maximum Penalties:  20-year term of imprisonment;
$1 million fine;
Mandatory 3 years of supervised release and maximum of life; and
$100 Special Assessment

## COUNTS THREE THROUGH SIX
**Violation – 18 U.S.C. § 1951(a) & 2 – Robbery & Attempted Robbery Affecting Interstate Commerce**

Maximum Penalties:  20-year term of imprisonment;
Fine that is the greater of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another;
3 years of supervised release; and
$100 Special Assessment

## FORFEITURE

DAVID L. ANDERSON (CABN 149604)
United States Attorney





UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON MCARTHUR,<br>a/k/a "Gangsta Boogie,"<br>a/k/a "G Boogie,"<br>a/k/a "Boogie,"<br>a/k/a "Suave,"<br><br>Defendant. | CASE NO. CR 19 0267<br><br>VIOLATIONS: 18 U.S.C. §§ 1951(a), 2 – Conspiracy to Commit Robbery Affecting Interstate Commerce, Interference with Commerce by Robbery and Attempted Robbery, and Aiding and Abetting; 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute Marijuana<br>FORFEITURE ALLEGATION: 18 U.S.C. §§ 924(d), 981, 21 U.S.C. § 853 – Criminal Forfeiture<br><br>SAN FRANCISCO VENUE<br><br>UNDER SEAL |

INDICTMENT

The Grand Jury charges:

COUNT ONE:  (18 U.S.C. § 1951(a) – Conspiracy to Commit Robbery Affecting Interstate Commerce)

1. Beginning in or about January 2018, and continuing until on or about March 12, 2018, in the Northern District of California and elsewhere, the defendant,

///

INDICTMENT                              1

|   |   |
|---|---|
| 1 | AARON MCARTHUR, |
| 2 | a/k/a "Gangsta Boogie," a/k/a "G Boogie," |
| 3 | a/k/a "Boogie," a/k/a "Suave," |

did knowingly and intentionally conspire with others known and unknown to the grand jury, to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1).

All in violation of Title 18, United States Code, Section 1951(a).

COUNT TWO: (21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute Marijuana)

2. Beginning in or about January 2018, and continuing until on or about March 12, 2018, in the Northern District of California and elsewhere, the defendant,

AARON MCARTHUR,
a/k/a "Gangsta Boogie,"
a/k/a "G Boogie,"
a/k/a "Boogie,"
a/k/a "Suave,"

did knowingly and intentionally conspire together with others known and unknown to the grand jury, to possess with intent to distribute marijuana, a Schedule I Controlled Substance.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

COUNT THREE: (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

3. On or about February 8, 2018, in the Northern District of California and elsewhere, the defendant,

AARON MCARTHUR,
a/k/a "Gangsta Boogie,"
a/k/a "G Boogie,"
a/k/a "Boogie,"
a/k/a "Suave,"

did knowingly and intentionally obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), namely, the defendant robbed Residence #1 in Santa Rosa, California, and aided and abetted the same.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

///

INDICTMENT 2

COUNT FOUR:     (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

4. On or about February 8, 2018, in the Northern District of California and elsewhere, the defendant,

AARON MCARTHUR,
a/k/a "Gangsta Boogie,"
a/k/a "G Boogie,"
a/k/a "Boogie,"
a/k/a "Suave,"

did knowingly and intentionally obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), namely, the defendant robbed Residence #2 in Santa Rosa, California, and aided and abetted the same.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

COUNT FIVE:     (18 U.S.C. §§ 1951(a) and 2 – Attempted Robbery Affecting Interstate Commerce)

5. On or about March 12, 2018, in the Northern District of California and elsewhere, the defendant,

AARON MCARTHUR,
a/k/a "Gangsta Boogie,"
a/k/a "G Boogie,"
a/k/a "Boogie,"
a/k/a "Suave,"

did knowingly and intentionally attempt to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), namely, the defendant attempted to rob Residence #3 in Petaluma, California, and aided and abetted the same.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

COUNT SIX:     (18 U.S.C. §§ 1951(a) and 2 – Attempted Robbery Affecting Interstate Commerce)

6. On or about March 12, 2018, in the Northern District of California and elsewhere, the defendant,

AARON MCARTHUR,
a/k/a "Gangsta Boogie,"
a/k/a "G Boogie,"
a/k/a "Boogie,"

a/k/a "Suave,"

did knowingly and intentionally attempt to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), namely, the defendant attempted to rob Residence #4 in Petaluma, California, and aided and abetted the same.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

FORFEITURE ALLEGATION: (18 U.S.C. §§ 924(d) and 981(a)(1)(C); 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c) – Forfeiture of Firearms and Ammunition)

7. The allegations contained in Counts One, Three, Four, Five, and Six of this Indictment are realleged and fully incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 924 and 981, 21 U.S.C. § 853, and 28 U.S.C. § 2461.

8. Upon a conviction of the offenses alleged in Counts One, Three, and Four above, the defendant,

AARON MCARTHUR,
a/k/a "Gangsta Boogie,"
a/k/a "G Boogie,"
a/k/a "Boogie,"
a/k/a "Suave,"

shall, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense, and shall forfeit, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense. Such forfeiture shall include but not be limited to a forfeiture money judgment and the following property:

    a. Ruger Bearcat revolver bearing serial number 91-37025,
    b. Hi-Point CF380 pistol bearing serial number P8022811,
    c. Smith & Wesson MP Shield pistol bearing serial number HND6258,
    d. Smith & Wesson SW9VE pistol bearing serial number RBZ3729,
    e. Ruger P89DC pistol bearing serial number 310-15388,
    f. Taurus PT 100 AF pistol bearing serial number SAO40154, and
    g. Any ammunition seized in or with any of the above firearms.

9. Upon a conviction for the offenses alleged in Count Two above, the defendant,

AARON MCARTHUR,
a/k/a "Gangsta Boogie,"
a/k/a "G Boogie,"
a/k/a "Boogie,"
a/k/a "Suave,"

shall, pursuant to 21 U.S.C. § 853(a), forfeit to the United States all right, title and interest in any property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as a result of said violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of said violation. Such forfeiture shall include but not be limited to a forfeiture money judgment and the following property:

   a. Ruger Bearcat revolver bearing serial number 91-37025,
   b. Hi-Point CF380 pistol bearing serial number P8022811,
   c. Smith & Wesson MP Shield pistol bearing serial number HND6258,
   d. Smith & Wesson SW9VE pistol bearing serial number RBZ3729,
   e. Ruger P89DC pistol bearing serial number 310-15388,
   f. Taurus PT 100 AF pistol bearing serial number SAO40154, and
   g. Any ammunition seized in or with any of the above firearms.

10. If any of the property described above, as a result of any act or omission of the defendant:
   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

any and all interests that defendant has in any other property (not to exceed the value of the above

///

///

///

INDICTMENT 5

described property) shall be forfeited to the United States.

Pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(a), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED:                            A TRUE BILL.

_____
FOREPERSON

DAVID L. ANDERSON
United States Attorney

_____
CHRISTIAAN H. HIGHSMITH
Assistant United States Attorney

INDICTMENT                       6